IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

DENNIS E. KELLOGG,

    Plaintiff,

v.

STATE OF CALIFORNIA, et al.,

    Defendants.
                                 /

No. C 10-05802 SBA (PR)

**ORDER OF DISMISSAL WITH LEAVE TO AMEND; AND ORDER REGARDING *IN FORMA PAUPERIS* MOTION**

## INTRODUCTION

Plaintiff had only filed a motion for leave to proceed in forma pauperis (IFP) in the present case; therefore, he was informed by the Clerk of the Court that his action could not go forward until he filed with the Court a civil rights complaint form or a habeas corpus petition form. The Clerk also notified Plaintiff that his IFP application was deficient due to the failure to include a signed certificate of funds and a prisoner trust account statement for the previous six months. The Clerk informed him that his action could not go forward until he paid the filing fee or filed a completed prisoner's IFP application. The Clerk sent Plaintiff blank civil rights complaint, habeas corpus petition and IFP application forms and told him that he must return the completed forms within thirty days or his action would be dismissed.

Plaintiff completed and filed a civil rights complaint form and another IFP application; however, he did not indicate that they were to be filed in Case No. C 10-5802 SBA (PR). Therefore, a new action was opened -- Case No. C 11-00118 SBA (PR).

In an Order dated February 9, 2011, the Court dismissed Plaintiff's new action -- Case No. C 11-00118 SBA (PR) -- as filed in error. The Court then directed the Clerk to remove Plaintiff's civil rights complaint form and his IFP application from Case No. C 11-00118 SBA (PR) and to file them in the present action.

The Court now conducts its initial review of the complaint pursuant to 28 U.S.C. § 1915A.

## BACKGROUND

Plaintiff claims that on July 13, 2010, he arrived at San Quentin State Prison (SQSP). When he was interviewed by the nurses, he informed them that he had "medical illness's [sic]." (Compl. at

1 3.) He was referred to Dr. F. Alvarez, who asked him if he had any injuries. Plaintiff informed Dr. Alvarez that he had injuries to his "next and lower back," that he had a "heart condition," and that he "suffer[ed] from siezure [sic] disorder," "high blood pressure [and] Hotchunsin's [sic] diease's [sic]," and that he was a diabetic. (Id.) He was issued a "lower teir and bunk chrono, also a walking cane and a vest that says [he was] mobility impaired." (Id.) He was then "sent to be living way up on the 4th tier." (Id.) He "made the staff aware that [he] was a[n] A.D.A. inmate who wasn't suppose[d] to be housed anywhere but on the 1st tier." (Id.) He claims "this caused [his] fall and permanent nerve damage." (Id.) He seeks injunctive relief and monetary damages.

## DISCUSSION

### I. Standard of Review

A federal court must conduct a preliminary screening in any case in which a prisoner seeks redress from a governmental entity or officer or employee of a governmental entity. See 28 U.S.C. § 1915A(a). In its review, the court must identify any cognizable claims and dismiss any claims that are frivolous, malicious, fail to state a claim upon which relief may be granted or seek monetary relief from a defendant who is immune from such relief. See id. § 1915A(b)(1), (2). Pro se pleadings must, however, be liberally construed. See Balistreri v. Pacifica Police Dep't, 901 F.2d 696, 699 (9th Cir. 1988).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege two essential elements: (1) that a right secured by the Constitution or laws of the United States was violated, and (2) that the alleged violation was committed by a person acting under color of state law. See West v. Atkins, 487 U.S. 42, 48 (1988).

### II. Injunctive Relief Claims

Plaintiff seeks both injunctive relief and money damages. The jurisdiction of the federal courts depends on the existence of a "case or controversy" under Article III of the Constitution. PUC v. FERC, 100 F.3d 1451, 1458 (9th Cir. 1996). A claim is considered moot if it has lost its character as a present, live controversy, and if no effective relief can be granted: "Where the question sought to be adjudicated has been mooted by developments subsequent to filing of the complaint, no justiciable controversy is presented." Flast v. Cohen, 392 U.S. 83, 95 (1968). Where

2

1  injunctive relief is involved, questions of mootness are determined in light of the present
2  circumstances.  See Mitchell v. Dupnik, 75 F.3d 517, 528 (9th Cir. 1996).

3        When an inmate has been transferred to another prison and there is no reasonable expectation
4  nor demonstrated probability that he will again be subjected to the prison conditions from which he
5  seeks injunctive relief, the claim for injunctive relief should be dismissed as moot.  See Dilley v.
6  Gunn, 64 F.3d 1365, 1368-69 (9th Cir. 1995).  A claim that the inmate might be re-transferred to the
7  prison where the injury occurred is too speculative to overcome mootness.  Id.

8        When Plaintiff filed this action, he was incarcerated at California State Prison-Solano
9  (Solano).  He alleged unconstitutional conditions of confinement during the period of his
10 confinement at SQSP on July 13, 2010 through the date he was transferred to Solano, which is not
11 indicated in the complaint.  Because he has named a Defendant from Solano, he may also be
12 alleging unconstitutional conditions of confinement during the period of his confinement at Solano
13 through the date his complaint was signed, December 31, 2010.  Plaintiff seeks injunctive relief to
14 remedy these alleged injuries.

15       On February 1, 2011, Plaintiff informed the Court that he had been "released on January 17,
16 2011," and that he had a new address: 3500 Data Dr. #233, Rancho Cordova, CA 95670.  Because
17 Plaintiff has not been incarcerated at SQSP since at least July, 2010, and at Solano since at least
18 January 17, 2011, to the extent he seeks injunctive relief from the conditions of his confinement at
19 SQSP and Solano, those claims are DISMISSED as moot.  The Court proceeds to review Plaintiff's
20 remaining claims for damages.

21 **III.  Exhaustion**

22       A question which must be answered before Plaintiff can proceed with his claims is whether
23 he has exhausted available administrative remedies with respect to each claim.

24       The Prison Litigation Reform Act of 1995, Pub. L. No. 104-134, 110 Stat. 1321 (1996)
25 (PLRA), amended 42 U.S.C. § 1997e to provide that "[n]o action shall be brought with respect to
26 prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any
27 jail, prison, or other correctional facility until such administrative remedies as are available are
28 exhausted." 42 U.S.C. § 1997e(a).  Under this section, an action must be dismissed unless the

1  prisoner exhausted his available administrative remedies <u>before</u> he filed suit, even if the prisoner
2  fully exhausts while the suit is pending.  See <u>McKinney v. Carey</u>, 311 F.3d 1198, 1199 (9th Cir.
3  2002).  "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether
4  they involve general circumstances or particular episodes, and whether they allege excessive force
5  or some other wrong."  <u>Porter v. Nussle</u>, 534 U.S. 516, 532 (2002).  Exhaustion of all "available"
6  remedies is mandatory; those remedies need not meet federal standards, nor must they be "plain,
7  speedy and effective."  <u>Id.</u> at 524; <u>Booth v. Churner</u>, 532 U.S. 731, 739-40 & n.5 (2001).  Even
8  when the prisoner seeks relief not available in grievance proceedings, notably money damages,
9  exhaustion is a prerequisite to suit.  <u>Id.</u> at 741.  The purposes of the exhaustion requirement include
10 allowing the prison to take responsive action, filtering out frivolous cases and creating an
11 administrative record.  See <u>Porter</u>, 534 U.S. at 525.

12      A prisoner's concession to nonexhaustion is a valid ground for dismissal, so long as no
13 exception to exhaustion applies.  <u>Wyatt v. Terhune</u>, 315 F.3d 1108, 1120 (9th Cir.), <u>cert. denied</u>, 540
14 U.S. 810 (2003).  Accordingly, a claim may be dismissed without prejudice if it is clear from the
15 record that the prisoner has conceded that he did not exhaust administrative remedies.  <u>Id.</u>

16      The State of California provides its inmates and parolees the right to appeal administratively
17 "any departmental decision, action, condition or policy perceived by those individuals as adversely
18 affecting their welfare."  <u>See</u> Cal. Code Regs. tit. 15, § 3084.1(a).  It also provides its inmates the
19 right to file administrative appeals alleging misconduct by correctional officers.  <u>See id.</u> § 3084.1(e).
20 In order to exhaust available administrative remedies within this system, a prisoner must proceed
21 through several levels of appeal: (1) informal resolution, (2) formal written appeal on a CDC 602
22 inmate appeal form, (3) second level appeal to the institution head or designee, and (4) third level
23 appeal to the Director of the California Department of Corrections and Rehabilitation.  <u>See id.</u>
24 § 3084.5; <u>Barry v. Ratelle</u>, 985 F. Supp. 1235, 1237 (S.D. Cal. 1997).  This satisfies the
25 administrative remedies exhaustion requirement under § 1997e(a).  <u>See id.</u> at 1237-38.

26      Here, the record is unclear whether Plaintiff exhausted his claims to the Director's level
27 before filing his federal complaint.  When asked on the civil rights complaint form if he exhausted
28 his administrative remedies, Plaintiff contends, "They denied me due process, and passed the buck."

4

1  (Compl. at 2.) It thus appears Plaintiff has not exhausted his administrative remedies as required by
2  42 U.S.C. § 1997e(a).

3  Accordingly, it appears that Plaintiff's claims are unexhausted and subject to dismissal.
4  Therefore, Plaintiff's complaint is DISMISSED with leave to amend his complaint to prove that he
5  exhausted all of his claims against each Defendant <u>before</u> he filed this action. If Plaintiff did
6  exhaust his administrative remedies with respect to any or all of those claims before filing this
7  action, he may amend his complaint to so allege, as set forth below.

8  **IV.    Deliberate Indifference Claims**

9  If Plaintiff is able to allege that he has exhausted all administrative remedies as to his claims,
10 the Court notes that Plaintiff may state a claim for damages for deliberate indifference to his serious
11 medical needs and safety needs despite his release from prison. In order to do so, however, as
12 mentioned below, Plaintiff must alleges specific facts showing how each Defendant actually and
13 proximately cause the deprivation of his federally protected rights. <u>Leer v. Murphy</u>, 844 F.2d 628,
14 634 (9th Cir. 1988). Conclusory allegations of wrongdoing will not do. <u>Id.</u>

15 Plaintiff is reminded that a claim of medical malpractice or negligence is insufficient to make
16 out a violation of the Eighth Amendment. <u>Toguchi v. Chung</u>, 391 F.3d 1051, 1060-61 (9th Cir.
17 2004); <u>Hallett v. Morgan</u>, 296 F.3d 732, 744 (9th Cir. 2002). In order to state a claim for deliberate
18 indifference to his serious medical needs and safety needs, Plaintiff must show that a prison official
19 knew that plaintiff faced a substantial risk of serious harm and disregarded that risk by failing to take
20 reasonable steps to abate it. <u>Farmer v. Brennan</u>, 511 U.S. 825, 837 (1994).

21 Here, however, Plaintiff has failed to allege even the most basic facts regarding the alleged
22 deliberate indifference -- such as the date or location of the fall, which allegedly caused him to
23 suffer permanent injuries. Plaintiff will be given leave to amend the complaint to set forth additional
24 facts regarding the alleged deliberate indifference, and -- as explained further below -- to set forth
25 specific facts showing that each individual Defendant's actions proximately caused a violation of
26 Plaintiff's constitutional rights, provided he can do so in good faith.

27 **V.    Defendants**

28 The only Defendants named in this complaint are: "Registered Nurse Aguilar - S.Q.R.C.";

5

"Nurse Practitioner Dr. Wong, M.D."; "P.A. 'Street' Deul [sic] Vocational Institution"; "Captain West Block San Quentin"; "P.A. on Duty San Quentin 7-14-2010"; and "Dr. Pfile Solano Prison." None of these Defendants is linked specifically to the allegations in the body of the complaint, however. Other Defendants are Doe Defendants because Plaintiff has not named them. Finally, some of these Defendants are Misjoined Defendants.

### A.      Named Defendants

Liability may be imposed on an individual defendant under § 1983 if the plaintiff can show that the defendant proximately caused the deprivation of a federally protected right. See Leer, 844 F.2d at 634; Harris v. City of Roseburg, 664 F.2d 1121, 1125 (9th Cir. 1981). A person deprives another of a constitutional right within the meaning of § 1983 if he does an affirmative act, participates in another's affirmative act or omits to perform an act which he is legally required to do, that causes the deprivation of which the plaintiff complains. See Leer, 844 F.2d at 633. The inquiry into causation must be individualized and focus on the duties and responsibilities of each individual defendant whose acts or omissions are alleged to have caused a constitutional deprivation. See id. Sweeping conclusory allegations will not suffice; the plaintiff must instead "set forth specific facts as to each individual defendant's" deprivation of protected rights. Id. at 634.

Because Plaintiff has not linked Defendants Aguilar and Wong to his allegations of deliberate indifference to his serious medical needs and safety needs, these claims cannot proceed against those Defendants unless Plaintiff amends his complaint to cure this pleading deficiency, as directed below. If Plaintiff does not intend to bring this claim against these Defendants, he must so inform the Court.

### B.      Doe Defendants

Plaintiff identifies the following Defendants whose name he intends to learn through discovery: "Captain West Block San Quentin" and "P.A. on Duty San Quentin 7-14-2010." The use of Doe Defendants is not favored in the Ninth Circuit. See Gillespie v. Civiletti, 629 F.2d 637, 642 (9th Cir. 1980). However, where the identity of the alleged defendants cannot be known prior to the filing of a complaint the plaintiff should be given an opportunity through discovery to identify them. Id. Failure to afford the plaintiff such an opportunity is error. See Wakefield v. Thompson, 177

1 F.3d 1160, 1163 (9th Cir. 1999). Accordingly, the claims against these Doe Defendants are

2 DISMISSED from this action without prejudice. Should Plaintiff learn these Doe Defendants'

3 identities through discovery, he may move to file an amended complaint to add them as named

4 defendants. See Brass v. County of Los Angeles, 328 F.3d 1192, 1195-98 (9th Cir. 2003).

### C. Misjoined Defendants

6 As mentioned above, Plaintiff has also names the following Defendants, who do not seem to

7 be employees at SQSP: "P.A. 'Street' Deul [sic] Vocational Institution" and "Dr. Pfile Solano

8 Prison."

9 A plaintiff may properly join as many claims as he has against an opposing party. Fed. R.

10 Civ. P. 18(a). Nevertheless, while multiple claims against a single party may be alleged in a single

11 complaint, unrelated claims against different defendants must be alleged in separate complaints. See

12 George v. Smith, 507 F.3d 605, 607 (7th Cir. 2007) (finding, under Rule 18(a), prisoner improperly

13 brought complaint raising fifty distinct claims against twenty-four defendants). Further, parties may

14 be joined as defendants only if "there is asserted against them jointly, severally, or in the alternative,

15 any right to relief in respect of or arising out of the same transaction, occurrence, or series of

16 transactions or occurrences and if any question of law or fact common to all defendants will arise in

17 the action." Fed. R. Civ. P. 20(a). As a practical matter, this means that claims involving different

18 parties cannot be joined together in one complaint if the facts giving rise to the claims were not

19 factually related in some way -- that is, if there was not "similarity in the factual background."

20 Coughlin v. Rogers, 130 F.3d 1348, 1350 (9th Cir. 1997). General allegations are not sufficient to

21 constitute similarity when the specifics are different. Id. The court, on its own initiative, may

22 dismiss misjoined parties from an action, and any claim against a misjoined party may be severed

23 and proceeded with separately. Fed. R. Civ. P. 21.

24 Here, the vast majority of the allegations in Plaintiff's complaint concern his claims of injury

25 with respect to constitutional violations that allegedly occurred while he was incarcerated at SQSP

26 in July, 2010. Based on the allegations in the complaint, the Court finds Plaintiff has improperly

27 joined these Defendants from Deuel Vocational Institution (DVI) and Solano, and the claims against

28 them, to his claims against the SQSP Defendants. Specifically, while Plaintiff asserts that prison

7

officials at SQSP violated his constitutional rights and, in particular, acted with deliberate indifference, the allegations against each group of defendants set forth distinct facts concerning alleged injuries that arose at separate prisons during different periods of time.  Thus, the claims that arose at SQSP in July, 2010 did not arise out of the same transaction, occurrence, or series of transactions or occurrences as the claims asserted against the DVI and Solano Defendants.  Fed. R. Civ. P. 20(a).  Accordingly, all of the DVI and Solano Defendants, and the claims against them, are DISMISSED from this action without prejudice to Plaintiff's filing separate actions asserting those claims.[1]

## VI.     IFP Application

Ordinarily, a plaintiff is permitted to file a civil action in federal court without prepayment of fees or security if he alleges in an affidavit that he is unable to pay such fees or give security therefor.  See 28 U.S.C. § 1915(a).  But if the plaintiff is a prisoner who alleges that he is unable to pay the full filing fee at the time of filing, he will be required to pay the full amount of the filing fee even if he is granted IFP status.  See 28 U.S.C. § 1915(b)(1).  This is done by way of an "installment plan," whereby the court will assess an initial payment, and the prisoner will be required thereafter to make monthly payments of twenty percent of the preceding month's income credited to the prisoner's account.  See id.  However, if a prisoner who seeks leave to proceed IFP is released from prison while his action is pending, he will not be required to pay the full filing fee if IFP status is granted.  See, e.g., DeBlasio v. Gilmore, 315 F.3d 396, 399 (4th Cir. 2003) (statutory language, legislative intent and policy reasons dictate that prisoner granted IFP status when he filed action would not be liable for full amount of filing fee upon release but must be allowed to apply to proceed under general IFP provisions of § 1915(a)(1)); McGore v. Wrigglesworth, 114 F.3d 601, 613 (6th Cir. 1997) (same); McGann v. Comm'r, Soc. Sec. Admin., 96 F.3d 28, 29-30 (2d Cir. 1996) (same).

Because Plaintiff no longer is incarcerated, in order for the Court to assess whether he is

---

[1] Any claims against the DVI and Solano Defendants for events that occurred at either DVI or Solano must be filed in the United States District Court for the Eastern District of California, the proper venue for such claims.  See 28 U.S.C. § 1391(b); 28 U.S.C. § 84.

entitled to proceed IFP he must apply to proceed IFP under the general provisions of 28 U.S.C. § 1915(a)(1). The Court will not rely upon any prior IFP application filed by Plaintiff while he was incarcerated to make the IFP determination in this action. Therefore, Plaintiff's motion for leave to proceed IFP is TERMINATED as moot. Plaintiff shall either pay the $350.00 filing fee or file a new non-prisoner IFP application. If, based upon the information provided by Plaintiff, the Court grants Plaintiff leave to proceed IFP, the Court will proceed to review the amended complaint under § 1915(e)(2).[2] If the Court determines that Plaintiff is not entitled to IFP status, he will be required to pay the full filing fee or the action will be dismissed.

Accordingly, Plaintiff is hereby ORDERED to file a non-prisoner application to proceed IFP, as directed below.

## CONCLUSION

For the foregoing reasons, the Court orders as follows:

1. Plaintiff's injunctive relief claims are DISMISSED as moot.

2. Plaintiffs claims against Doe Defendants -- "Captain West Block San Quentin" and "P.A. on Duty San Quentin 7-14-2010" -- are DISMISSED from this action without prejudice.

3. All of the DVI and Solano Defendants -- "P.A. 'Street' Deul [sic] Vocational Institution" and "Dr. Pfile Solano Prison" -- and the claims against them, are DISMISSED from this action without prejudice to Plaintiff's filing separate actions asserting those claims in the United States District Court for the Eastern District of California, the proper venue for such claims.

4. Within **thirty (30) days** from the date of this Order, Plaintiff shall file an amended complaint as set forth above, specifically in Sections III, IV and V(A). **Plaintiff must use the attached civil rights form, write the case number for this action -- Case No. C 10-05802 SBA (PR) -- on the form, clearly label the complaint "Amended Complaint," and complete all sections of the form.**[3]

---

[2] Under this section, the Court is required to conduct a preliminary screening for frivolity, failure to state a claim, or immune defendants in any IFP action.

[3] The Court stresses that Plaintiff must clearly indicate "Case No. C 10-05802 SBA (PR)" on his amended complaint in order to avoid a new action from being opened in error.

1    Because an amended complaint completely replaces the original complaint, Plaintiff must
2 include in it all the claims he wishes to present. See Ferdik v. Bonzelet, 963 F.2d 1258, 1262 (9th
3 Cir.), cert. denied, 506 U.S. 915 (1992); King v. Atiyeh, 814 F.2d 565, 567 (9th Cir. 1987); London
4 v. Coopers & Lybrand, 644 F.2d 811, 814 (9th Cir. 1981).  He may not incorporate material from the
5 original complaint by reference.

6    5.    Plaintiff's motion for leave to proceed IFP (docket no. 5) is TERMINATED as moot.
7 Within **thirty (30) days** of the date of this Order, Plaintiff is hereby ORDERED to file a non-
8 prisoner application to proceed IFP.  **Plaintiff shall answer all questions and shall include his**
9 **Case No. C 10-05802 SBA (PR) on the attached application.**[4]

10   6.    It is Plaintiff's responsibility to prosecute this case.  Plaintiff must keep the court
11 informed of any change of address and must comply with the Court's Orders in a timely fashion.
12 Failure to do so may result in the dismissal of this action for failure to prosecute pursuant to Federal
13 Rule of Civil Procedure 41(b).

14   7.    The Clerk of the Court shall send Plaintiff a blank civil rights form and a blank non-
15 prisoner IFP application form along with a copy of this Order.

16   8.    **Plaintiff's failure to file an amended complaint and a completed non-prisoner**
17 **IFP application form as ordered herein by the thirty-day deadline will result in the dismissal**
18 **of this action without prejudice.**

19   9.    This Order terminates Docket no. 5.

20   IT IS SO ORDERED.
21 DATED:    2/28/11                  _Saundra B Armstrong_
                                       SAUNDRA BROWN ARMSTRONG
22                                     United States District Judge

---

28   [4] Again, in order to avoid a new action from being opened in error, Plaintiff must clearly indicate "Case No. C 10-05802 SBA (PR)" on his non-prisoner IFP application form.

G:\PRO-SE\SBA\CR.10\Kellogg5802.DWLA.wpd   10

1
2
3
4  UNITED STATES DISTRICT COURT
   FOR THE
5  NORTHERN DISTRICT OF CALIFORNIA

6  DENNIS E KELLOGG,

7              Plaintiff,                           Case Number: CV10-05802 SBA

8      v.                                           **CERTIFICATE OF SERVICE**

9  STATE OF CALIFORNIA et al,

10             Defendant.
11  _____/

12  I, the undersigned, hereby certify that I am an employee in the Office of the Clerk, U.S. District Court, Northern District of California.
13
14  That on February 28, 2011, I SERVED a true and correct copy(ies) of the attached, by placing said copy(ies) in a postage paid envelope addressed to the person(s) hereinafter listed, by depositing said envelope in the U.S. Mail, or by placing said copy(ies) into an inter-office delivery receptacle located in the Clerk's office.
15
16
17
18  Dennis E. Kellogg
    3500 Data Dr.
    #233
19  Rancho Cordova, CA 95670

20  Dated: February 28, 2011
                                            Richard W. Wieking, Clerk
21                                          By: LISA R CLARK, Deputy Clerk

22
23
24
25
26
27
28

G:\PRO-SE\SBA\CR.10\Kellogg5802.DWLA.wpd